UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICK P. HARRIS,
                          Plaintiff,

                                                         **Hon. Hugh B. Scott**

                    v.

                                                           04CV848A

                                                           **Report**
JO ANNE B. BARNHART,                                **and**
Commissioner of Social Security,                 **Recommendation**

                  Defendant.

Before the Court are the parties respective motions for judgment on the pleadings (Docket Nos. 8 (plaintiff), 6 (Commissioner)). At issue here is whether the Administrative Law Judge properly evaluated plaintiff's claim of depression and factored in plaintiff's alcohol dependence.

## **INTRODUCTION**

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner" or "defendant") that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits.

Upon a review of the record, this Court finds that the Commissioner's decision is not supported by substantial evidence and accordingly recommends that the determination be reversed and the matter remanded for further proceedings.

**PROCEDURAL BACKGROUND**

The plaintiff, Patrick P. Harris ("Harris"), filed an application for disability insurance benefits on March 3, 2002 (R. 36-38[1]).  That application was denied initially and on reconsideration.  The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated July 28, 2004 (R. 10-18), that the plaintiff was not disabled within the meaning of the Social Security Act.  The ALJ's decision became the final decision of the Commissioner on August 27, 2004 (R. 4-6), when the Appeals Council denied plaintiff's request for review.

**FACTUAL BACKGROUND**

Plaintiff was 35 years old when the ALJ rendered her findings, with prior employment as a nursery worker.  He has a general equivalency diploma. (R. 13.)  He alleges disability from October 30, 1999, due to depression, anxiety, alcoholism, and a bad back.  (Id.)

*Medical and Vocational Evidence*

The ALJ found no evidence of disability from the October 1999 onset date; plaintiff first claimed that he injured his back in June 2000 but never followed up with treatment (id. at 15).  A consultative examination in May 2002 did not produce objective findings of back pain (id.). Plaintiff was first diagnosed with dysthymic disorder, alcohol dependence and anti-social personality traits in April 2001, being hospitalized for these conditions in July 2001.  He received outpatient care for alcohol and cannabis dependence and depression and was hospitalized again in December 2001 and January 2002 (id.).  He was hospitalized in April 2003 for recurrent major

---

[1] References noted as "(R.__)" are to the certified record of the administrative proceedings.

depression with suicidal ideation and alcohol dependence (id.).  Plaintiff's psychiatrist noted that plaintiff's type of depression is not uncommon among alcoholics (id.).

The ALJ found that plaintiff's impairments (alcohol and cannabis dependence, depressive disorder, dysthymia) together were not severe enough under the regulations to be a disabling impairment.  The ALJ then determined whether plaintiff had the residual functional capacity to perform past relevant work or other work existing in the national economy (id.).  The ALJ found that plaintiff's mental health problems stemmed from his substance abuse (id. at 16).  The ALJ concluded that plaintiff has the residual functional capacity to return to nursery work (id. at 17).

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that plaintiff was not under a disability is supported by substantial evidence.  See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir.1991).  Substantial evidence is defined as "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that his impairment prevents him from returning to his previous type of employment.  Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).  Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform."  Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983);  Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

>   (1) whether the plaintiff is currently working;
> 
>   (2) whether the plaintiff suffers from a severe impairment;
> 
>   (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
> 
>   (4) whether the impairment prevents the plaintiff from continuing his past relevant work; and
> 
>   (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920;  Berry, supra, 675 F.2d at 467.  If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends.

20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that in the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing his past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work he has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to his past relevant work given his residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

The issue here is whether the ALJ made sufficient analysis of whether disability was due to alcoholism/drug addiction or due to other medical conditions. The parties focus upon plaintiff's claim of depression and the impact of his alcoholism on his other ailments. Under the Social Security law, an individual is not considered "disabled" if drug addiction or alcoholism is a contributing factor material to the determination that the person is "disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). The key factor in this determination is whether drug addiction

or alcoholism is a contributing factor material to a finding of disability if the claimant stopped using drugs or alcohol. 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1).

Plaintiff argues that the ALJ did not make a sufficient finding as to whether his alcoholism was a contributing factor in finding his disability (see Docket No. 8, Pl. Memo. of Law at 8). Under the regulations for § 423(d)(2)(E), the ALJ is to determine, first, whether the claimant is disabled, then determine if the claimant's alcoholism is a contributing factor to that disability. Only after finding the claimant is disabled would the ALJ determine whether some of those impairments remain if claimant stopped consuming alcohol. O'Halloran v. Barnhart, 328 F. Supp. 2d 388, 396 (W.D.N.Y. 2004) (Larimer, J.); see Brueggemann v. Barnhart, 348 F.3d 689, 693-94 (8th Cir. 2003). Plaintiff contends that, to establish plaintiff's depression, the ALJ needed to make an assessment of the severity of his mental impairment, 20 C.F.R. § 404.1520a (Docket No. 8, Pl. Memo. at 8) and to incorporate or append those findings in the ALJ's decision (id. at 9). He concludes that the ALJ made no finding whether plaintiff's alcoholism made his mental condition worse.

The Commissioner replies that the ALJ properly assessed the impact of plaintiff's substance use on his ability to work. The ALJ found that, aside from his alcoholism, plaintiff did not have any significant medical problems (Docket No. 11, Def. Reply Memo. at 2, citing R. 15). There was no support in the medical record for plaintiff's back claim. As for his mental condition, the record indicates that it is tied directly to his substance abuse; when plaintiff abstained from drugs or alcohol, his depression and anxiety subsided. The burden was upon plaintiff to show that his impairments significantly limited his ability to do basic work activities.

6

Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003).  The ALJ found that, absent plaintiff's substance abuse, plaintiff could perform unskilled work (R. 16; Docket No. 11, Def. Reply Memo. at 4).

 The ALJ here did not first determine whether plaintiff was disabled, but jumped to the finding that any mental health disability he suffered was due to his alcoholism (R. 16).  If the ALJ made that determination as the Commissioner argues in reply (Docket No. 11 at 2), then her finding that plaintiff did not have significant physical problems (R. 15; Docket No. 11 at 2) should have ended the inquiry.  But the ALJ stated that she thought plaintiff had "significant mental health problems," (R. 16) without concluding whether those problems constituted a disability under the Social Security law and regulations.  As was faulted by th Eighth Circuit in Brueggemann, supra, 348 F.3d at 694, the ALJ here did not cite the relevant regulations for the inquiry into the effect of alcohol on a found disability, 20 C.F.R. § 404.1535, reflecting her disregard of the relevant regulations.

 Furthermore, plaintiff established that the ALJ did not make the necessary findings to assess plaintiff's depression.  He argues that the ALJ did not use the Psychiatric Review Technique Form, see 20 C.F.R. § 404.1520a(c)(3) (evaluate four areas of functioning).  The ALJ's written decision must incorporate the pertinent findings and conclusions from that technique, id. § 404.150a(e)(2), and the Commissioner cannot now rely upon assessments within the medical record that could have been used to complete that analysis.  While the ALJ's decision may have touched upon the ability to attend and concentrate aspect of functioning, that decision did not discuss the remaining three areas and thus deprives the Court of the means to assess whether substantial evidence exists to support her findings.

Therefore, a remand should be ordered to allow the ALJ to consider whether plaintiff was disabled and then determine the effect of his alcohol dependence on his condition and make findings under the four areas of the Psychiatric Review Technique Form test.

## CONCLUSION

For the foregoing reasons, this Court recommends that the case should be **remanded** for further proceedings; defendant Commissioner's motion for judgment on the pleadings (Docket No. 6) should be **denied** and plaintiff's motion for similar relief in his favor (Docket No. 8) should be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within ten (10) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).  Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate

Judge in the first instance.  See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

                                                  s/HBS
                                       Hon. Hugh B. Scott
                               United States Magistrate Judge

Dated: Buffalo, New York
        August 10, 2005